UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROCKY COLUMBO                                                    CIVIL ACTION

VERSUS                                                           NO. 06-9573

ALLSTATE INSURANCE CO,                                           SECTION: "C"
STATE FARM FIRE & CASUALTY
CO., AND GREG RUIZ

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Rocky Columbo ("Columbo") (Rec. Doc. 9). Defendant, Allstate Insurance Company ("Allstate"), opposes the motion, asserting that this Court has subject matter jurisdiction. The motion is before the Court on the briefs, without oral argument. Having consider the memoranda of counsel, the record and the applicable law, the Court find that the motion is **DENIED**.

I. BACKGROUND

Columbo owed various properties in Chalmette, Louisiana. At one time, his rental property at 2817-19 Montesquieu Street, Chalmette, Louisiana was covered by a flood insurance policy issued by Allstate through insurance agent Greg Ruiz ("Ruiz"). However, the policy lapsed in June 2004 because Columbo failed to pay the premium. Columbo did not discover the lapse until sometime after Hurricane Katrina when he tried to make a claim on that policy. As a result, he instituted this action in the 34th Judicial District Court for the Parish of St. Bernard,

State of Louisiana against Allstate and Ruiz, among others. In his petition, Columbo alleges that Allstate "improperly cancelled the flood insurance policy on [his] Montesquieu property. See, Rec. Doc. 1. Furthermore, he claims that Allstate and Ruiz are liable to him because he was never notified that his flood insurance was cancelled and for other negligent acts.

Allstate removed the action to this Court asserting federal question subject matter jurisdiction. According to Allstate, Columbo's claims concern the administration of a flood insurance policy. Allstate contends that, as a result, this Court has subject matter jurisdiction over this action.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See,* 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See, De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Here, Allstate alleges four alternatives for federal jurisdiction, namely, 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1337 and 1442.

Congress established the National Flood Insurance Program ("NFIP") by enacting the National Flood Insurance Act of 1968 ("Act"), 42 U.S.C. § 4001, *et. seq.* Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the

program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

  Here, Columbo is suing Allstate. Allstate is an WYO company, which issued a flood insurance policy to Columbo. He alleges that State Farm acted improperly in administering the claims under the flood insurance policy. See, Rec. Doc. 1. Columbo also claims that Allstate is liable to him for its negligence in not informing him that his flood insurance policy had lapsed in 2004 due to his failure to pay a premium. Although Columbo attempts to stipulate that he is not entitled to recover any federal funds, but that does not control whether federal jurisdiction exists. His claims against Allstate, including Allstate's alleged failure of notification, arise out of Allstate's alleged federal duty under a NFIP insurance policy. Thus, the federal court has original jurisdiction under 42 U.S.C. § 4072.

  Furthermore, this Court has jurisdiction under 28 U.S.C. § 1331. Determining the proper administration of a NFIP insurance policy requires the application of federal law, i.e. it is a federal question. This Court has an interest in upholding a nationally uniform policy concerning the administration of NFIP insurance policies. Also, this Court has jurisdiction over Plaintiff's state law causes of action against all defendants, because all claims in this suit arise from the administration of the insurance policies after Hurricane Katrina. As a result, they are all part of

the "same case or controversy." 28 U.S.C. § 1367 (2006).

Finally, because Allstate properly removed this case on the bases of original jurisdiction and federal question jurisdiction, there is no need to consider Allstate's jurisdictional claims under 28 U.S.C. §§ 1337 and 1442.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 22nd day of December, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE