UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROCKY COLOMBO | CIVIL ACTION |
| VERSUS | NO. 06-9573 |
| ALLSTATE INSURANCE COMPANY, STATE FARM FIRE & CASUALTY COMPANY, AND GREGORY RUIZ | SECTION:  "C" (2) |

## ORDER AND REASONS

This matter comes before the Court on a motion for summary judgment filed by the defendant, Gregory Ruiz ("Ruiz") (Rec. Doc. 23). The plaintiff, Rocky Colombo ("Colombo"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the record, the memorandum and the law, the Court has determined that the motion should be **DENIED** for the following reasons.

**I. BACKGROUND**

Colombo owned property located at 2817-2819 Montesquieu Street in Chalmette, Louisiana. At one time, Colombo had a Standard Flood Insurance Policy ("SFIP") through Allstate, a Write-Your-Own ("WYO") insurance provider for the property. Ruiz was the insurance agent that sold the SFIP to Colombo. Ruiz notes that the policy was renewed in May

1

2000, 2001, 2002, and 2003; but, that the policy was not renewed for the 2004-2005 term, and that Allstate cancelled the policy in June 2004.

The property was damaged on or about August 29, 2005 as a result of Hurricane Katrina. Colombo filed suit on August 28, 2006 claiming, among other things, that Allstate and Ruiz had negligently failed to notify him in June 2004 that the flood insurance policy had expired. To support his contentions, Colombo asserts that he did not have knowledge of the fact that the insurance premiums were not paid in June 2004 because the payments were supposed to be made through his mortgage holders escrow account, and that the mortgage had been sold several times. Additionally, Colombo maintains that Allstate sent cancellation notices to the wrong address, and that Ruiz failed to send any notice of cancellation. Essentially, Colombo argues that he did not knowingly let the policy lapse, that only Ruiz and Allstate had actual knowledge of the lapse in June 2004, and that they did not properly notify him or his mortgagee of the cancellation.

Ruiz now moves for summary judgment. Ruiz asserts that SFIP holders are charged with the constructive knowledge of the federal regulations detailing SFIPs. On that basis, Ruiz argues that Colombo had constructive knowledge of the policy's lapse in June 2004 because of the regulations contained in 44 C.F.R. Pt. 61, App. A(1). Indeed, Ruiz cites *Larmann v. State Farm Ins. Co.*, 2005 WL 357191, at *5 (February 11, 2005) for the proposition that Colombo had constructive knowledge of the regulations regardless of the "hardship resulting from the ignorant innocence."

Furthermore, Ruiz argues that Colombo's complaint is untimely. Ruiz asserts that Colombo had one year to file suit from June 22, 2004, the date that he should have discovered the alleged notification failure. On the other hand, Colombo argues that Ruiz is incorrectly

interpreting the applicable deadlines. Colombo asserts that the preemptive period could not have commenced until sometime after Hurricane Katrina caused the property damage and his insurance claim was denied.

**II. STANDARD OF REVIEW**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Lujan v. Nat'l. Wildlife Fed'n*.,

497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

## III. ANALYSIS

The National Flood Insurance Program ("NFIP") was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001-4129. It is intended to be a unified national program for providing flood insurance. The NFIP is underwritten by the United States Treasury and administered by the Federal Emergency Management Agency ("FEMA"). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005). Under its regulatory authority, FEMA developed the SFIP and the WYO program, which authorizes private insurance companies to issue SFIPs. Although the private insurance agencies issue the SFIPs, they are acting as fiscal agents of the United States. 42 U.S.C. § 4071(a)(1). As mentioned above, Allstate, is a WYO program carrier authorized to issue and administer SFIPs under its logo.

Allstate must adhere to federal regulations in the administration of SFIPs. One of these regulations is the sending of renewal notices to the insured and his mortgagee at least 45 days prior the SFIP's expiration. *See* 42 U.S.C. § 4101a(c). As stated above, Colombo claims he never received the renewal or cancellation notices and that his mortgagee failed to remit the payments for renewal. Colombo avers that even if the notices were sent to the Montesquieu address, Ruiz knew that the property had been converted to rentals, and that Colombo was living on Riverland Drive. In opposition, Ruiz argues that Colombo was constructively aware of the policy's expiration in 2004 when he failed to remit the premium payment. In this case, Colombo asserts complete reliance on the escrow fund and Ruiz for notifying him about any problems regarding

coverage renewal. The Court notes that Colombo has denied any responsibility for directly notifying Allstate of his proper address. However, Colombo's statement that his mortgagee failed to remit the renewal payment raises a genuine issue of material fact as to whether the notices were properly sent under 42 U.S.C. § 4101a(c).

Yet, this genuine issue of material fact is only important if Colombo timely complained of the non-receipt of the renewal and/or cancellation notices. The parties disagree as to the date that Ruiz's alleged failure to notify Allstate of Colombo's new address "should have been discovered" for the purposes of Louisiana's preemptive period.

Louisiana law contains a one year limitations period for filing suit against insurance agents:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606(a).

In general, renewals of insurance policies do not operate to restart preemption. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.*, 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)). However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182, 04-282 (La.App. 5 Cir. 2004). In this case, Colombo complains that he renewed his

5

flood insurance through Ruiz, but that Ruiz failed to notify Allstate of his new address. The Court notes that Colombo has not specified whether Ruiz undertook the duty to notify Allstate of the address change. The Court is reluctant, but willing, to overlook Colombo's omission for the purpose of this motion. Thus, the inquiry is when Colombo should have discovered Ruiz's alleged actions, omissions or neglect that lead to Allstate's mailing of the renewal notices to the wrong address.

Under Louisiana law, an insured has a duty to read her insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App.2 Cir. 1995) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La.App. 2 Cir.1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La.App. 1 Cir.1989)). Colombo claims that Ruiz is liable for the lapse in coverage because Ruiz did not notify Allstate of Colombo's correct address, and thus, the notices were mistakenly sent to the wrong address. Additionally, Colombo asserts that Ruiz is responsible for the notification failure because Ruiz did not send any notices to Colombo regarding the policy's expiration. Arguably, Colombo could have discovered the expiration date of his insurance coverage by carefully reading the policy. At the same time, without further factual development, the Court cannot determine whether Colombo was lulled into complacency by representations made by Ruiz. The facts may disclose that Colombo's reliance was well-founded, and that Colombo is excused from his failure to discover the problem earlier than Allstate's refusal to honor his claim after the storm. The Court is unconvinced that Colombo should have discovered Ruiz's alleged omission if neither Colombo, nor Colombo's mortgagee, received the renewal notices. When Colombo filed suit on August, 26, 2006, it was within one year of discovering that the Ruiz had not notified Allstate of his proper address.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that the motion for summary judgment is **DENIED** (Rec. Doc. 23).

New Orleans, Louisiana, this 11th day of December, 2007.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE